IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM J. PAATALO, | CV 25-216-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| EVEREST FUNDING (REVOKED DBA OF GRIFFIN FUNDING, INC.) and JOHN DOES 1-50 INCLUSIVE, | |
| Defendants. | |

This action involves a dispute over a deed of trust for real property and an associated loan transaction. Before the Court are motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) by both parties. (Docs. 8, 19). For the reasons discussed below, the Court denies the motion brought by Plaintiff William J. Paatalo, who is proceeding pro se, and grants the motion brought by Defendant Everest Funding.

## I.    Background[1]

---

[1] Consistent with the legal standards applicable to Rule 12(c) motions, the following facts are taken from the complaint (Doc. 6), evidence on which the Complaint necessarily relies, and documents of which this Court may take judicial notice.

The dispute in this matter concerns the execution and attempted rescission of a loan transaction regarding real property. Paatalo is the record owner of the property in question, which is found in Whitefish, Montana, (Doc. 6 at ¶ 1.). On April 22, 2024, Paatalo executed a deed of trust for the real property. (Doc. 6 at ¶ 6). The deed of trust secured a loan for $232,500 in favor of "Everest Funding" and named "Elevated Title" as the trustee. (Doc. 6 at ¶ 6). "Everest Funding" is a trade name for Griffin Funding, Inc. It appears that when the deed of trust was executed, the registration for "Everest Funding" had lapsed with the State Montana. (Doc. 6 at ¶ 20).

At the closing of the loan transaction, Paatalo was not provided with certain disclosures required under the Truth in Lending Act ("TILA"). (Doc. 6 at ¶ 10). Specifically, Paatalo was not provided at the time of closing with disclosures or notice regarding his right to rescind the transaction. (Doc. 6 at ¶ 10). Paatalo admits that "newly generated 'corrected' disclosures" were provided post-closing. (Doc. 6 at ¶ 10). On April 15, 2025, almost a year after the original loan transaction, Paatalo mailed a notice of rescission to Shellpoint Mortgage Servicing "the disclosed servicer and agent for the creditor." (Doc. 6 at ¶ 15).

Paatalo filed the complaint in this matter on November 17, 2025, in Montana's Eleventh Judicial District Court. (Doc. 6). On December 15, 2025, Everest Funding filed a notice of removal with this Court. (Doc. 1). Paatalo's

2

complaint seeks several forms of injunctive and declaratory relief regarding the deed of trust (Doc. 6 at 8, ¶¶1-6). On December 26, 2026, Paatalo filed his motion for judgment on the pleadings. (Doc. 8). Everest Funding filed a cross-motion for judgment on the pleadings on January 13, 2026. (Doc. 19). Both motions are fully briefed and ripe for ruling.

## II.     Legal Standards

### a.       Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, which means that the same legal standard "applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1062 n. 4 (9th Cir. 2011).

"A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.* 656 F.3d 877, 883 (9th Cir. 2011) (quoting *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n. 1 (9th Cir. 2005)). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to

the" nonmoving party. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). As a result, a party is not entitled to judgment on the pleadings if the nonmoving party's answer raises issues of fact or affirmative defenses that, if proven, would defeat recovery. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregation*, 887 F.2d 228, 230 (9th Cir. 1989)); *Tawfilis v. Allergan, Inc.*, 2016 WL 3919488, at *2 (C.D. Cal. May 31, 2016); *Pit River Tribe v. Bureau of Land Management*, 793 F.3d 1147, 1159 (9th Cir. 2015).

As a general rule, a court may not consider materials outside the pleadings when evaluating a Rule 12(c) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Nevertheless, the court may consider "material which is properly submitted as part of the complaint." *Hal Roach Studios*, 896 F.2d at 1555 n. 19. In addition, the court may consider materials not physically attached to the pleadings if the complaint necessarily relies on those materials and their authenticity is not in question. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Sumitomo Mitsubishi Silicon Corp. v. MEMC Electronic Materials, Inc.*, 2007 WL 2318903 at *7 (N.D. Cal. Aug. 13, 2007). Finally, the court "may take judicial notice of matters of public record." *Lee*, 205 F.3d at 688-89.

#### b.    Judicial Notice

A court may take judicial notice of undisputed "matters of public record,"
including other state or federal court proceedings, *Lee*, 250 F.3d at 688–89;
*Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995), as well as facts that are "not
subject to reasonable dispute" because they are either "generally known within the
territorial jurisdiction of the trial court" or "capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be
questioned." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986);
Fed. R. Evid. 201(b). Courts may also take judicial notice of "records and reports
of administrative bodies." *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th
Cir. 1986) (citing *Interstate Nat. Gas Co. v. S. Cal. Gas. Co.*, 209 F.2d 380, 385
(9th Cir. 1953)).

#### c.    Declaratory Judgment

Paatalo's state court complaint includes requests for declaratory relief. (Doc.
6 at 8, ¶¶ 1-6). Where a case seeking declaratory relief is removed to federal court
based on diversity jurisdiction, the propriety of granting declaratory relief is a
procedural matter to which federal law applies. *Paul Evert's RV Country, Inc. v.
Universal Underwriters Ins. Co.*, 2016 WL 3277175, *2 (E.D. Cal. June 14, 2016)
(citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 752 (9th Cir. 1996),
*overruled on other grounds by Govt. Employees Ins. Co. v. Dizol,* 133 F.3d 1220

(9th Cir. 1998)). Thus, the Court treats Paatalo's claim for declaratory relief as if it were pled under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Columbia Casualty Co. v. Federal Ins. Co.*, 2015 WL 4734704, *2 n. 1 (N.D. Cal. Aug. 10, 2015) (citing *Golden Eagle*, 103 F.3d at 754). Under the Declaratory Judgment Act (the "Act"), federal courts may declare the rights and other legal relations of any interested party involving an actual controversy within its jurisdiction. 28 U.S.C. § 2201(a).

## III.    Discussion

### a.    Judicial Notice

As an initial matter, both parties' briefs include requests for judicial notice. (*See* Doc. 8 at 2-3; Doc.  20 at 6). The Court will address each party's request in turn.

Pursuant to his request for judicial notice, Paatalo has attached to his motion for judgment on the pleadings a copy of an email that he represents was sent to him by counsel for Everest Funding. (*See* Doc. 8-1). Paatalo argues:

> The letter constitutes a party admission, its authenticity is not disputed, and it is referenced in and integral to the pleadings. Judicial notice is appropriate because the existence and contents of the letter are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned.

(Doc. 8 at 2-3). Everest Funding opposes Paatalo's request.

Considering the contents of the email, judicial notice is not appropriate. The document does not contain "matters of public record," nor does it relate facts that are "generally known within the territorial jurisdiction of the trial court" or that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *MGIC Indem. Corp. v. Weisman*, 803 F.2d at 504; Fed. R. Evid. 201(b). Although Paatalo argues that the email "is referenced in and integral to the pleadings," it is unclear precisely where such references are found. (Doc. 8 at 2). In any event, the contents of the email are not integral to the arguments in the complaint. Accordingly, the Court will not consider the email.

For its part, Everest Funding seeks judicial notice of two documents that concern the assignment of the deed of trust. The first of these, labeled as Exhibit 1, displays information apparently retrieved from Tyler Technologies, Inc.'s website iDocMarket.com.[2] (Doc. 20-1). Exhibit 1 indicates that a document was recorded on 7/29/2025, and lists as Everest Funding as Grantor and "JP Morgan Mortgage Trust 2024-CES2" as Grantee. (Doc. 20-1 at 1).

The second document, Exhibit 2, displays the Corporate Assignment Deed of Trust referenced in and retrieved from iDocMarket.com. (Doc. 20-2). That

---

[2] Everest Funding's brief includes additional documents (Docs. 20-3; 20-4) to establish that iDockMarket "is a website of Tyler Technologies, Inc." and that "Flathead County, Montana recognizes iDocMarket is the appropriate online source of official county records." (Doc. 20 at 4 n. 1)

document indicates that Everest Funding, via its designated nominee Mortgage Electronic Registration Systems, transferred the deed of trust to J.P. Morgan Mortgage Trust 2024-CES2 on July 29, 2025. (Doc. 20-2).

Although Paatalo's briefing refers Everest Funding's exhibits, Paatalo provides no argument that the exhibits should not be noticed. Considering the contents of Exhibits 1 and 2, the Court finds they are appropriate for judicial notice. As represented by Everest Funding, Exhibits 1 and 2 contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, the Court will consider Exhibits 1 and 2 in deciding the instant motions.

**b.  Service**

In his combined reply and response brief, Paatalo alleges that Everest Funding did not properly serve him with its motion for judgment on the pleadings. "Plaintiff's Motion for Judgment on the Pleadings was entered on December 26, 2025. Defendant's opposition and cross-motion were filed on January 13, 20226, but were not timely or properly served on Plaintiff." (Doc. 21 at 2). Paatalo further states that "service remains disputed." (Doc. 21 at 2).

However, Paatalo was apprised of the filings made by Everest Funding, as evidenced by his timely response to Everest Funding's motion. While Paatalo's notice of the filings may have been delayed, he was nevertheless able to respond

and did not seek an extension of time do so. Accordingly, the Court finds that Paatalo was not prejudiced by any defective service, and so the instant motions should be considered on the merits.

### c.      Rescission

Paatalo's claims depend on two primary arguments related to the timing of rescission. The Court will address each argument in turn.

First, Paatalo insists that his notice of rescission was delivered within the statutory period afforded him by 15 U.S.C. § 1635(f) and 12 C.F.R. § 1026.23(a)(3). Specifically, Paatalo argues that, because notice of his right to cancel was not delivered at the time of closing, he had a period of three years in which he was able to file a notice of rescission.

Two related provisions from § 1635 establish the periods in which a party such as Paatalo may exercise a right of rescission. As baseline, § 1635(a) provides a three-day period during which time a borrower may exercise their right to rescind:

> Except as otherwise provided in this section . . . the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, *whichever is later* . . . .

9

15 U.S.C. § 1635(a) (emphasis added). However, the rescission period may be extended to three years in certain circumstances, as provide in § 1635(f):

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

15 U.S.C. § 1635(f). Similarly, 12 C.F.R. § 1026.23(a)(3)(i) summarizes the interplay between § 1635(a) and (f):

> The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.

12 C.F.R. § 1026.23(a)(3)(i).

The plain language of these statutory and regulatory provisions makes clear that, when notice of a borrower's right-to-rescission notice is delivered after the closing, the delivery of the notice triggers a three-day period during which time the obligor may initiate rescission. While non-delivery of the required notices may extend the rescission period to three years, that longer duration is cut short by delivery of the required notices.

Paatalo argues that, because the right-to-rescission notices were not delivered at closing on April 22, 2024, he was therefore subject to the longer,

three-year period during which time he could serve notice of rescission pursuant to § 1635(f). However, Paatalo does not contest Everest's assertion that he was provided with compliant disclosure documents on May 31, 2024. When those documents were delivered, the period during which Paatalo could validly serve notice of rescission was shortened to three days, pursuant to § 1635(a).[3]

Following TILA's statutory scheme, Paatalo's right to rescission expired at "midnight of the third business day following . . . the delivery of the information and rescission forms required under [§ 1635] . . . ."  15 U.S.C. § 1635(a). Paatalo's ultimate service of his rescission notice on April 15, 2025 therefore fell outside of this time. Because he had no right to rescission at that point pursuant to § 1635, the rescission could not have been effective.

Second, Paatalo argues that Everest Funding failed to act within 20 days of Paatalo's rescission notice, whereby foreclosing all opportunity for judicial review. In support, Paatalo references 15 U.S.C. § 1635(b), which states in relevant part:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . . The procedures described by this subsection shall apply except when otherwise ordered by a court.

---

[3] *See also* 12 C.F.R. § 1026.23(a)(1) ("Delivery of the required notice shall begin the rescission period.").

15 U.S.C. § 1635(b). According to the Paatalo, the effect of this statutory language is such that creditors opposing rescission must "seek judicial relief altering the statutory sequence" or forever waive their right to do so. (Doc. 21 at 3). Further, Paatalo argues that, because Everest Funding did not seek judicial relief within 20 days, the Court lacks the authority to adjudicate a dispute over the effect of Paatalo's rescission notice. "The Court's task is simply to recognize the completed rescission and declare the resulting void status of the security instrument." (Doc. 21 at 4). This interpretation runs contrary to the plain language of the statute.

As a threshold matter, even if § 1635(b) did contain the limitations that Paatalo has read into it, those limitations would not pertain to his situation. The first sentence of § 1635(b) clarifies that "[w]hen an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission." 15 U.S.C. § 1635(b). According to the statute, the relief that Paatalo seeks is available when an obligor, such as Paatalo, exercises his "right to rescind." As explained above, when Paatalo served his notice of rescission on April 15, 2025, that right had plainly expired.

More significantly, the plain language of § 1635(b) contains neither of the limitations that Paatalo describes. Nor does the United States Supreme Court decision, *Jesinoski v. Countrywide Home Loans,* as cited by Paatalo, support such

a justification. *Jesinoski v. Countrywide Home Loans, Inc.* 574 U.S. 259 (2015).

Rather, that decision merely clarified the means by which a borrower need exercise

their right to rescind. *Jesinoski*, 574 U.S. at 262. Accordingly, Paatalo's arguments

on this issue are without merit.

### d.   Party In Interest

As a final matter, Everest Funding argues that because it assigned its rights

and interests in the deed of trust, it cannot be a proper party in interest to this

matter. In response, Paatalo argues that because he validly exercised a right to

rescission prior to assignment, Everest had no interest that it could transfer to an

assignee.

In general, rescission actions such as this one are properly brought against

the assignee (rather than the assignor) of a loan. "Any remedy of rescission

Plaintiff may have must be invoked against the current holder of the mortgage

loan." *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1175–76

(D. Haw. 2012) (citing *Rundgren v. Wash. Mut. Bank,* 2010 WL 4960513, at *6

(D. Haw. Nov. 30, 2010)). This is because "[t]he original creditor . . . has no

further right to take any action with regard to the loan." *Garcia v. Fannie Mae*, 794

F. Supp. 2d 1155, 1172 (D. Or. 2011).

Paatalo argues that the assignment of the deed of trust simply could not have

occurred because rescission rendered the deed of trust "void by operation of law"

13

prior to the assignment. (Doc. 21 at 5). "Once void, the security instrument ceased to exist for purposes of enforcement or transfer. A party cannot assign what it does not possess . . . ." (Doc. 21 at 5). However, this argument fails because Paatalo had no right to rescission at the time he served his notice of rescission.

Paatalo has advanced no argument that can support the contention that he validly rescinded the loan. Therefore, Everest Funding was able to validly assign the loan to a subsequent party. That assignment occurred on July 29, 2025, several months before the complaint in this matter was filed on November 17, 2025. (Doc. 20-2 at 1; Doc. 6). Accordingly, Everest Funding is not a proper party in interest in this matter and Paatalo's arguments to the contrary are unsuccessful.

Similarly unsuccessful are Paatalo's arguments regarding the status of Everest Funding's apparently lapsed registration with the State of Montana. It is unclear from the briefing how such a lapse might materially affect Everest Funding's status as a party or its ability to defend against Paatalo's attempted rescission. Indeed, Paatalo clarifies that the timeline involving the lapse and reinstatement of the Everest Funding trade name "is not advanced as advanced as an independent basis for relief but confirms that, at the time of consummation and rescission, the Deed of Trust named an entity that Defendant now concedes lacked active registration in Montana." (Doc. 8 at 8). Accordingly, the Court finds no legal effect to the lapse of the Everest Funding trade name.

## IV.    Conclusion

For the reasons discussed above,

IT IS ORDERED that Paatalo's motion for judgment on the pleadings (Doc. 8) is DENIED.

IT IS FURTHER ORDERED that Everest Funding's motion for judgment on the pleadings (Doc. 19) is GRANTED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 11th day of May, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge