IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM J. PAATALO,<br><br>Plaintiff,<br><br>vs.<br><br>EVEREST FUNDING (REVOKED DBA OF GRIFFIN FUNDING, INC.) and JOHN DOES 1-50 INCLUSIVE,<br><br>Defendants. | CV 25-216-M-KLD<br><br>ORDER |

On May 11, 2026, the Court denied Plaintiff William Paatalo's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) and granted Defendant Everest Funding's cross-motion for judgment on the pleadings. (Doc. 38). This matter comes before the Court now on Paatalo's motion for reconsideration pursuant to Rule 59(e). (Doc. 41). For the reasons stated below, Paatalo's motion is denied.

## I. Background

Paatalo, who is proceeding pro se, originally filed this action in state court seeking rescission of a deed of trust executed in favor of Everest Funding on April 22, 2024. (Doc. 6 at ¶ 6). As alleged in the complaint, Everest Funding is a trade name for Griffin Funding, and when the deed of trust was executed, the registration

for Everest Funding had lapsed with the State of Montana. (Doc. 6 at ¶ 20). Paatalo alleged that notice of his right to rescind was not delivered at the time of closing as required by the Truth in Lending Act (TILA), thereby extending the three-day statutory rescission period to three years. (Doc. 6 at ¶ 10). On April 15, 2025, approximately one year after the original loan transaction, Paatalo mailed a notice of rescission to Shellpoint Mortgage Servicing, "the disclosed servicer and agent for the creditor." (Doc. 6 at ¶ 15).

In December 2025, Everest Funding removed the case to this Court based on diversity and federal question jurisdiction. (Doc. 1). Paatalo moved for judgment on the pleadings, arguing that because notice of the right to rescind was not delivered at closing in April 2024, the rescission period was extended to three years and he timely exercised his right to rescind as a matter of law in April 2025. (Doc. 8). Everest Funding cross-moved for judgment on the pleadings, taking the contrary position that Paatalo failed to timely rescind within three days of receiving TILA-compliant disclosures. (Doc. 20). Paatalo acknowledged in his complaint that "newly generated 'corrected' disclosures" were provided after closing (Doc. 6 at ¶ 10) and did not contest Everest Funding's assertion that he was provided with compliant disclosure documents on May 31, 2024 (Doc. 38 at 11). Everest Funding argued that once Paatalo received TILA-compliant disclosures in May 2024, he had three days within which to serve a notice of rescission but did

not do so until almost one year later, in April 2025. Everest Funding also argued that it was not the proper party in interest because it assigned its interest in the deed of trust to a third party in July 2025, several months before Paatalo filed this lawsuit. (Doc. 20 at 6-7).

The Court granted Everest Funding's motion for judgment on the pleadings on both grounds, concluding that Paatalo had not timely exercised his right to rescind, and even if he had, Everest Funding was not a proper party in interest. (Doc. 38). The Clerk of Court entered judgment in favor of Everest Funding on May 11, 2026 (Doc. 39) and Paatalo timely filed the pending motion for reconsideration on May 20, 2026 (Doc. 41). Paatalo's motion is fully briefed and ready for ruling.

## II. Legal Standards

Paatalo moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which provides that a party may file "[a] motion to alter or amend a judgment … no later than 28 days after the entry of the judgment."[1] "[A]mending a judgment after its entry remains 'an extraordinary remedy which should be used

[1] Paatalo also cites to Rule 54(b) (Doc. 41 at 6), which provides that any order "that adjudicates fewer than all the claims" in a case "may be revised at any time before the entry of a judgment" on all claims. Fed. R. Civ. P. 54(b). Because the Court has issued judgment on all claims, Rule 54(b) does not apply.

sparingly.'" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).

The district court has "considerable discretion in granting or denying" a Rule 59(e) motion. *Herron*, 634 F.3d at 1111. There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if the "motion is necessary to correct manifest errors of law or fact upon which the judgment rests;" (2) if the "motion is necessary to present newly discovered or previously unavailable evidence;" (3) if the "motion is necessary to prevent manifest injustice;" or (4) if there is "an intervening change in controlling law" that justifies the amendment. *Herron*, 634 F.3d at 1111; *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (A Rule 59(e) "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.")

"[A] motion for reconsideration is not a means to reargue a previous position[.]" *Hen v. City of Los Angeles*, 244 Fed. Appx. 794, 797 (9th Cir. 2007); *see also Held v. Trump*, 2025 WL 4810697, at *1 (D. Mont. Oct. 27, 2025) ("Rule 59(e) is not designed to give litigants endless opportunities to reargue their case."). A Rule 59(e) motion also "may not be used to raise arguments or present evidence

for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises*, 229 F.3d at 890.

## III. Analysis

For the most part, Paatalo's motion for reconsideration reasserts the same arguments that he made in briefing the cross-motions for judgment on the pleadings. Paatalo again relies on 15 U.S.C. § 1635, Regulation Z, and *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015) to argue that rescission is self-executing, and that he timely delivered his notice of recission within the statutory period. (Doc. 41 at 6-14). Likewise, as he did in response to Everest Funding's motion for judgment on the pleadings, Paatalo again argues that Everest Funding's pre-suit assignment of the deed of trust is immaterial for purposes of the proper party in interest analysis because he validly exercised his right to rescission prior to the assignment. (Doc. 41 at 4-5). The Court addressed and rejected these arguments in its order granting Everest Funding's motion for judgment on the pleadings and denying Paatalo's motion.[2] (Doc. 38). In raising the same arguments again here, Paatalo improperly seeks to relitigate issues that have already been decided. These renewed arguments are not a proper basis for a Rule 59(e) motion.

---

[2] To the extent Paatalo reasserts his prior argument that the deed of trust was void because Everest Funding's registration with the State of Montana had lapsed when the deed of trust was executed, the Court addressed and rejected that argument as well. (Doc. 38 at 14-15).

Paatalo also makes new arguments that he could have, but did not, raise in opposition to Everest Funding's motion for judgment on pleadings. For instance, Paatalo asserts the Court should have considered the allegation in the Complaint that the deed of trust was void because Everest Funding altered the first page to correct the trustee's name. (Doc. 6 at 7). Plaintiff did not make any argument related to the alleged alteration of the deed of trust in response to Everest Funding's motion for judgment on the pleadings, however, and cannot do so for the first time in a Rule 59(e) motion.

Paatalo makes an additional new argument related to the adequacy of the disclosure documents that were provided after closing. Specifically, he contends that Everest Funding failed to separately serve the corrected notices of recission on his wife, Jennifer Paatalo. (Doc. 41 at 17). Paatalo has also provided a declaration in which he makes previously unasserted factual allegations in support of his new argument regarding the adequacy of the post-closing disclosure documents. (Doc. 41-1). Paatalo could have raised this argument and submitted this evidence when briefing the motions for judgment on the pleadings but for whatever reason did not do so. Because these matters could have been presented previously, they do not provide a basis for relief under Rule 59(e).

Even considering the merits of Paatalo's improperly asserted arguments and factual allegations, his motion for reconsideration fails on substantive grounds.

Paatalo contends that the Court's order granting Everest Funding's motion for judgment on the pleading is based on clear error. (Doc. 41 at 1). *See Kona Enterprises*, 229 F.3d at 890 (recognizing "clear error" as one of the few grounds for granting a motion for reconsideration). To be considered clearly erroneous, a decision must be "more than just maybe or probably wrong; it must be dead wrong." *3D Systems, Inc. v. Wynne*, 2026 WL 706083, at *1 (S.D. Cal. Mar. 12, 2026) (quoting *United States v. Hollis*, 506 F.3d 414, 421 (5th Cir. 2007)). As addressed above, Paatalo mainly reasserts arguments that this Court has already considered and rejected, or that he could have raised at the judgment on the pleadings stage but did not. None of the arguments Paatalo makes in support of his motion for reconsideration establish that the Court's reasoning in granting Everest Funding's motion for judgment on the pleadings was clearly erroneous.

## IV. Conclusion

For the reasons discussed above,

IT IS ORDERED that Paatalo's motion for reconsideration (Doc. 41) is DENIED.

DATED this 2nd day of November, 2026.

Kathleen L. DeSoto
United States Magistrate Judge